UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ROBERT COX | * | CIVIL ACTION NO: |
| | * | |
| VS. | * | SECTION: |
| | * | |
| NATIONAL INDEMNITY COMPANY OF | * | MAGISTRATE: |
| THE SOUTH, FIRE LINE GROUP, INC. AND | * | |
| RODRIGUEZ FERNANDO | * | |

*************************************************************************

## **COMPLAINT**

Complainant invokes the jurisdiction of this Court as established under Title 28, Section 1332 of the United States Code.

The following named party is the complainant herein, to-wit:

1. Robert Cox, a person of full age and majority and domiciled in Mandeville, St. Tammany Parish, State of Louisiana.

The above named complainant respectfully represents as follows, to-wit:

I.

The following named parties are made respondents herein, to-wit:

(a) NATIONAL INDEMNITY COMPANY OF THE SOUTH, a foreign insurance company not authorized to do business in the State of Louisiana;

(b) FIRE LINE GROUP, INC., a foreign corporation with its principal place of business in Miami, Dade County, Florida; and

    (c)    RODRIGUEZ FERNANDO, a person of full age of majority domiciled in Miami, Dade County, Florida.

II.

The above named defendants are responsible and liable jointly, severally, solidarily and vicariously to complainant because of the following:

III.

This action results from a two-vehicle collision occurring in Hammond, Tangipahoa Parish on or about January 18, 2016.

IV.

Complainant, Richard Cox, was traveling eastbound in a 2005 Chrysler 300 on I-12 in the right lane. At the same time, defendant, Rodriguez Fernando, operating a 2014 Freightliner 10-wheeled truck, merged into the right lane directly behind complainant's vehicle.

V.

Suddenly, and without warning, defendant, Rodriguez Fernando, rear ended complainant multiple times.

VI.

Upon the impact and collision, Richard Cox was thrown about in the vehicle.

VII.

As a result of the above accident, complainant, Richard Cox, suffered and continues to

suffer multiple personal, psychological and emotional injuries of a past, present, and continuing nature.

VIII.

Complainant, Richard Cox, has undergone medical treatment since the accident and will undergo further treatment. Complainant was and still is limited from his normal activities as a result of the accident.

IX.

The sole and proximate cause of the injuries and damages sustained by complainant was the individual, joint, solidary, concurrent and/or successive negligence of Rodriguez Fernando, which negligence includes but not limited to, to-wit:

(a) failure to maintain a proper look-out;

(b) failure to observe existing traffic conditions;

(c) failure to observe complainant's vehicle in due time in order to avoid hitting same;

(d) failure to observe due caution;

(e) driving recklessly;

(f) failure to maintain control of his vehicle;

(g) striking complainant's vehicle;

(h) rear-ending complainant;

(i)     inattentiveness while driving;

(j)     failure to be attentive;

(k)     changing lane without first making sure could do so safely;

(l)     following too closely;

(m)    failing to maintain a safe distance;

(n)     careless operation of his vehicle;

(o)     failing to operate the 18-wheeler at a reasonable rate of speed having due regard for traffic on Interstate 12, due regard for Robert Cox's vehicle;

(p)     following the automobile of the complainant more closely than was prudent and reasonable under the circumstances existing;

(q)     failing to exercise reasonable safety for himself and others traveling on Interstate 12;

(r)     failing to slow the 18-wheeler or otherwise maneuver the 18-wheeler so as to avoid colliding with the complainant's vehicle;

(s)     violated other unspecified rules, regulations and statutes; and

(t)     other negligence which may be proven at trial of this matter.

X.

The defendant, Fire Line Group, Inc., is guilty of the following additional acts of negligence, gross negligence, and/or omissions which proximately caused or proximately

contributed to the accident of January 18, 2016, described herein above and the injuries sustained by the complainant:

    a)    negligently and carelessly failed to properly select, train, and or supervise their driver, Rodriguez Fernando;

    b)    negligently and carelessly put or allowed to remain on the road an unqualified and/or reckless driver;

    c)    negligently and carelessly failed to screen and test their driver periodically to monitor and evaluate his safety orientation;

    d)    negligently and carelessly failed to develop, promulgate, adopt, and/or implement safety policies, procedures and practices for their driver;

    e)    negligently and carelessly permitted, allowed, and/or failed to stop their driver from operating motor vehicles in violation of 49 C.F.R. §395.3;

    f)    negligently and carelessly permitted, allowed, and/or failed to stop their driver, respondent, Rodriguez Fernando, from violating the rules of 49 C.F.R. §390.35 and 395.8 regarding driver records and logs;

    g)    negligently and carelessly permitted and allowed their driver, Rodriguez Fernando, to operate motor vehicles when said driver was experiencing sleep deprivation and/or cumulative fatigue;

    h)    negligently and carelessly failed to provide periodic systematic safety and/or

        defensive driving training for their driver;

i)     negligently and carelessly failed to provide remedial training of their driver, Rodriguez Fernando;

j)     negligently entrusted their vehicle to the defendant, Rodriguez Fernando;

k)     negligent risk management;

l)     negligently allowing or permitting the driver to have passengers in the truck who might distract the driver; and

m)     any such other negligence or gross negligence and violations of rules, regulations, and statutes as may be shown at the trial of this matter.

XI.

Robert Cox itemizes the damages to which he is entitled as a result of the accident and injury proximately caused by the above described negligence of Fire Line Group, Inc. and Rodriguez Fernando as follows, to-wit:

(a)     Past physical pain, suffering and discomfort;

(b)     Past mental anguish, aggravation, and annoyance;

(c)     Disability;

(d)     Future physical pain, suffering and discomfort;

(e)     Future mental anguish, aggravation and annoyance;

(f)     Past medical expenses;

    (g)    Future medical expenses;

    (h)    Past lost wages;

    (i)    Future lost wages;

    (j)    Loss of enjoyment of life;

    (k)    Loss of use/function of parts of body;

    (l)    Bodily disability;

    (m)    Impairment of psychological functioning;

    (n)    Disability from working to earn an income;

    (o)    Destruction of earning capacity;

    (p)    Disability from engaging in recreation; and

    (q)    Property damages.

XII.

Complainant strictly reserves the right to amend and supplement this complaint as necessary concerning damages.

XIII.

On the date of the accident, National Indemnity Company of the South had issued and in effect a policy of liability insurance in favor of Fire Line Group, Inc. insuring against the risk of negligent operation of a motor vehicle. As liability insurer, said insurer is jointly, severally and solidarily liable and responsible for the negligence and damages set forth above.

XIV.

National Indemnity Company of the South had issued a policy of public liability insurance insuring against the negligent operation of a motor vehicle on the date of accident in favor of Fire Line Group, Inc. and its employees including Rodriguez Fernando, under which Fernando is an omnibus insured.  As the insurer of the defendant employer, said insurer is jointly, severally, solidarily and vicariously liable and responsible for the damages and negligence set forth above.

XV.

At the time of the accident Rodriguez Fernando was acting in the course and scope of his employment with Fire Line Group, Inc. as a driver.  As the employer of Rodriguez Fernando, Fire Line Group, Inc., is jointly, severally, solidarily and vicariously liable and responsible for the acts of negligence and damages caused by its said employee during the course and scope of said employee's employment.

XVI.

Complainant further specifically pleads the doctrine of <u>res ipsa loquitur</u> in that the accident and injuries and damages would not have occurred in absence of the negligence of Rodriguez Fernando and Fire Line Group, Inc.

XVII.

National Indemnity Company of the South, Fire Line Group, Inc. and Rodriguez

Fernando are jointly, severally, solidarily and vicariously liable and responsible to complainant for the negligence and damages set forth above.

XVIII.

Complainant alleges the amount in controversy exceeds $75,000.00, the jurisdictional amount for diversity jurisdiction.

WHEREFORE, complainant prays that defendants be cited and served and that after due proceedings are had there be judgment in favor of complainant, Robert Cox, and against the defendants, National Indemnity Company of the South, Fire Line Group, Inc. and Rodriguez Fernando, jointly, severally, solidarily and vicariously for such sums as are reasonable in the premises together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

AND THAT ALL EXPERT WITNESS FEES BE TAXED AS COSTS OF COURT.

Respectfully submitted:

Michael Hingle & Associates, LLC

  /s/ Michael Hingle, III
Michael Hingle, T.A. #6943
Michael Hingle, III, #33183
Hollycrest Plaza
600 North Hwy. 190, Suite 202C
Covington, LA 70433
Telephone: (985) 893-2295
Fax: (985) 893-0685

**PLEASE SERVE**:

NATIONAL INDEMNITY COMPANY OF THE SOUTH
In c/o Florida Chief Financial Officer as RA
200 East Gaines Street
Tallahassee, FL 32399-4201

FIRE LINE GROUP, INC.
Via Louisiana Long Arm Statute and its agent for service of process:
Nora O. Cruz
12800 N.W. 113 Court
Miami, FL 33178

RODRIGUEZ FERNANDO
9960 SW 88th Street
Miami, FL 33196

G:\Files\Cox, Robert\Plaintiff's Pleadings\pld federal complaint 11.18.16 III sjm.wpd